**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **3:03-CR-324-H** |
| | ) | **(3:05-CV-0281-H)** |
| **ERIC HANDY, #31174-177,** | ) | |
|       **Defendant/Movant.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case: This is a motion to vacate, set aside, or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

    Parties: Movant is presently confined in the federal prison system. The government has been ordered to respond.

    Statement of the Case: Movant pled guilty pursuant to a plea agreement to count two of a three-count indictment, which charged him with stealing a firearm from a federally licensed firearms dealer and aiding and abetting in violation of 18 U.S.C. §§ 922(u), 924(i)(1) and 2. On February 19, 2004, the District Court sentenced him to 120 months imprisonment, a three-year term of supervised release, and restitution in the amount of $33,836.00. The remaining counts were dismissed on the government's motion. Movant did not appeal.

On February 10, 2005, Movant filed this § 2255 motion challenging his sentence under the recent Supreme Court's decisions in Blakely v. Washington, ___ U.S. ___ 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He also alleged that he received ineffective assistance of counsel at sentencing because counsel failed to object to the presentence investigation report (PSR) on the ground that two of his state crimes were still pending at the time of his federal sentencing and, thus, should not have been used to increase his criminal history category.

In response to this court's order to show cause, the government filed a response in opposition to the § 2255 motion. Movant has not filed a reply.

Findings and Conclusions: In his first ground Movant relies on Booker and Blakely to challenge his sentence. The Fifth Circuit recently held in the context of a second or successive motion under § 2255 that the United States Supreme Court did not make Booker retroactively applicable to cases on collateral review. See In re Elwood, 408 F.3d 211, 212-13 (5th Cir. 2005) (per curiam). While the Fifth Circuit has not yet addressed the applicability of Booker to a first § 2255 motion, the circuits that have considered the question have also determined that the Booker decision is not retroactive to collateral review cases. See Guzman v. United States, 404 F.3d 139, 141-44 (2nd Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005); Varela v. United States, 400 F.3d 864, 866-868 (11th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005). Therefore, in light of the Fifth Circuit's decision in In re Elwood and the persuasive authority of the unanimous decisions of the other circuits which have considered the issue, the District Court should find that Movant's Booker claim is not cognizable in a section 2255 proceeding. See United States v. Cabrera, 3:04cv2739-H,

3:01cr374-H (N.D. Tex.) (denying first § 2255 motion raising Booker claim).

In his second ground, Movant alleges that counsel failed to object to the PSR, thus rendering ineffective assistance of counsel at sentencing. When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of counsel, he must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-94 (1984).

Contrary to Movant's assertion, the PSR reflects that the two state crimes at issue – unauthorized use of a motor vehicle, No. F03-49310, and burglary of a building, No. F03-73058 – were listed as "pending charges" in the PSR (PSR ¶¶ 36-37), and were not relied on in computing his criminal history score. (PSR ¶¶ 31-34). Because Movant's claim is meritless, counsel was not deficient in failing to raise it during sentencing. Green v. Johnson, 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness . . . ."); Sones v. Hargett, 61 F.3d 410, 415 (5th Cir. 1995).

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court deny the motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255.

A copy of this order will be mailed to Movant and counsel for the government.

Signed this 27th day of July, 2005.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.